**NATIONAL CASUALTY COMPANY,**
**Plaintiff,**

v.

**JORDACHE ENTERPRISES, INC., Greater Texas Finishing Corporation, Golden Trade S.R.L., and Conkle & Olesten, P.C., Defendants.**

**No. 91 Civ. 5964 (JMC).**

United States District Court,
S.D. New York.

Jan. 26, 1994.

Robert A. Spiegelman, New York City, for defendant Jordache Enterprises, Inc.

Kroll & Tract, New York City, for defendant Bonjour Intern.

Debevoise & Plimpton, New York City, for defendant Golden Trade, S.R.L.

Kral, Clerkin, Redmond, Ryan, Perry and Girvan, New York City, for plaintiff.

Conkle & Olesten, P.C., Los Angeles, CA, Bathgate, Wegener, Dugan, Wouters, Neuman & Wolf, Newark, NJ, for defendant Rio Sportswear.

Hale & Dorr, Boston, MA, for Greater Texas Finishing Corp.

*MEMORANDUM AND ORDER*

CANNELLA, District Judge:

Plaintiff's motion to amend its complaint is granted. Fed.R.Civ.P. 15(a). Each of the above-captioned parties to this action, including Conkle & Olesten, P.C. upon its joinder thereto, is instructed to proceed towards arbitration in accordance with the Order set forth herein.

*BACKGROUND*

This is a declaratory-judgment action based on diversity jurisdiction in which plaintiff National Casualty Company ["National"] requests this Court's adjudication as to its rights and obligations with respect to the defendants under a general liability-insurance policy that plaintiff issued. Among other matters, plaintiff seeks a declaration from this Court that it is not contractually obligated to pay for the legal defense of its insured under the insurance policy in question in a specific patent-infringement suit that is also before this Court in a separate action.

By Memorandum and Order dated January 7, 1994,[1] this Court denied defendant Jordache Enterprises, Inc.'s ["Jordache's"] motion to stay the instant declaratory-judgment action pending the resolution of a California state-court proceeding that itself had been stayed. By this same Memorandum and Order, the Court also denied Jordache's motion to dismiss plaintiff's complaint with respect to each of the other named defendants to the instant action.[2]

Plaintiff National now moves to amend its declaratory-judgment complaint to assert a new second cause of action[3] as against Con-

kle & Olesten, P.C. ["Conkle & Olesten"]. Conkle & Olesten's relationship to the instant insurance-coverage dispute arises through its legal representation of Jordache in a federal patent-infringement action entitled *Golden Trade S.R.L. and Greater Texas Finishing Corporation v. Jordache Enterprises, Inc., Gitano Group, Inc., Bugle Boy Industries, Inc., Rio Sportswear, Inc., and Bonjour International Ltd., Inc.*, 90 Civ. 6292 (JMC) (S.D.N.Y.) [hereinafter "the *Golden Trade* action"].

In the second cause of action in the proposed amended complaint, National now contends that a controversy has developed between itself and Conkle & Olesten with respect to attorney's fees allegedly incurred in connection with Conkle & Olesten's defense of Jordache in the *Golden Trade* action. With respect to this asserted controversy, National alleges that it does not owe any duty to pay the defense costs incurred by Jordache (i) subsequent to the filing of the *Golden Trade* action, or alternatively (ii) subsequent to National's communication to Jordache that it would provide Jordache's representation in the *Golden Trade* action under a reservation of rights.

In its papers in opposition to National's motion to amend its declaratory-judgment complaint, defendant Jordache contends that plaintiff's motion should be denied because Jordache would be prejudiced if the requested amendment were granted. Alternatively, Jordache requests that if National is allowed to amend the complaint, then specific conditions should be imposed on such amendment. Specifically, Jordache requests that this amendment be conditioned upon a prior agreement of the parties for the selection of

1. Familiarity of the reader with this Memorandum and Order dated January 7, 1994 is assumed. Because the instant motion had been adjourned on consent of the parties as of the issuance date of this January 7, 1994 Memorandum and Order, the Court did not decide the amendment-of-pleading issue at that time.

2. The Court notes that National's claims in the instant action as against originally-named defendants Gitano Group, Inc., Bonjour International Ltd., Inc., and Bugle Boy Industries, Inc. have been dismissed without prejudice pursuant to

stipulation. Based upon National's caption accompanying its proposed amended complaint, National's claim as against originally-named defendant Rio Sportswear, Inc. also appears to have been dismissed without prejudice.

3. National's second cause of action in its original declaratory-judgment complaint asserted claims against defendants Greater Texas Finishing Corporation, Golden Trade S.R.L., Gitano Group, Inc., Bugle Boy Industries, Inc., Rio Sportswear, Inc., and Bonjour International Ltd., Inc.

a single, neutral arbitrator in Los Angeles, California to decide the attorney's fees issue. Jordache further requests a stay of the instant declaratory-judgment action to allow arbitration to go forward immediately.

In its reply papers, plaintiff National now states that it does not object to resolving the dispute over attorney's fees through arbitration. National, however, contends that Jordache has failed to proffer any evidence that suggests that conducting the arbitration in New York would unduly prejudice it.

For the reasons to be discussed, the Court grants National's motion to amend its complaint, and further instructs the parties to this action, including Conkle & Olesten upon its joinder, to proceed towards arbitration in accordance with the Order set forth herein.

## DISCUSSION

■ Federal Rule of Civil Procedure 15(a) provides that leave of the Court to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Second Circuit Court of Appeals has interpreted this rule "to allow a party to amend its pleading in the absence of a showing by the nonmovant of prejudice or bad faith." *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)).

■ Defendant Jordache asserts that it would be prejudiced if the requested amendment were granted. Jordache directs the Court's attention to the aforementioned breach-of-contract action that Jordache and Ditto Apparel of California, Inc. ["Ditto"] filed against National in California state court. Jordache contends that this California state-court action, which itself has been stayed pending the resolution of the action before this Court, included a request by Jordache for arbitration of its attorney's fees pursuant to California Civil Code section 2860(c) which provides, in pertinent part:

Any dispute concerning attorney's fees . . . shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.

Jordache thus argues that if National were allowed to amend its complaint to consider the attorney's fees' issue, California's arbitration requirement would be circumvented.

The Court, however, is unpersuaded by Jordache's claim of prejudice. Jordache has not proffered any evidence in connection with the instant motion to suggest that California law applies to this insurance-coverage controversy, either through the operation of an express choice-of-law clause within the insurance policy, or through the application of state conflict-of-law principles. In the absence of such evidence, Jordache is unable to establish the required showing of prejudice that is needed to overcome the liberal amendment policy of Rule 15(a). Further, even if such evidence were submitted, the Court still would be inclined to allow the plaintiff to amend its complaint because, as the Court now turns to discuss, the parties have expressed a common interest to stay this action pending arbitration.

■ The Court is pleased to note the parties' joint expressions of amenability within their motion papers in regard to the use of arbitration. Based upon these expressions by National and Jordache—the principals along with Ditto in the stayed California state-court action—the Court hereby determines that all issues in the instant declaratory-judgment action that pertain to National's duty to defend Jordache shall be resolved through binding arbitration. Recognizing that this determination does not resolve such issues as (i) who the arbitrator should be, (ii) what state's laws should apply, and (iii) in what forum the arbitration should be conducted, the Court turns to the parties, including Conkle & Olesten (upon service of the amended complaint), to reach an agreement as to these matters.

## CONCLUSION

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's motion to amend its complaint is granted. Fed.R.Civ.P. 15(a).

2. The issue of whether and to what extent plaintiff National is responsible for providing the legal defense of Jordache pursuant to a contract of insurance, including all remedial questions related thereto, shall be resolved through binding arbitration.

3. Plaintiff, within 20 days of the date of this Order, shall file with the Clerk of this Court, with duplicate to Chambers, one exact copy of the proposed Amended Verified Complaint set forth as Exhibit E to its Notice of Motion dated November 15, 1993. Plaintiff shall serve one copy of this Amended Verified Complaint upon counsel to each of the defendants to this action.

4. The defendants, within 10 days after the service of the same Amended Verified Complaint, shall file with the Court, and serve upon each of the parties to this action, an answer in response to this Amended Verified Complaint.

5. By April 1, 1994, each of the parties whose name appears in the caption at the beginning of this Memorandum and Order, including Conkle & Olesten, P.C., shall submit to the Court a joint stipulation setting forth (i) the name of the arbitrator who will conduct the agreed-upon arbitration, (ii) the forum in which the arbitration proceedings will be conducted, (iii) what state's laws will apply to the arbitrator's determinations, and (iv) the precise issues to be arbitrated.

6. By this same date of April 1, 1994, plaintiff National shall submit to the Court, and serve upon each of the defendants' counsel, an affidavit setting forth what, if any, claims still will require the Court's adjudication, excluding those claims that have been submitted to arbitration.

7. If any of the parties fail to participate in the stipulation of arbitration as set forth in item # 5 above, such party, by April 11, 1994, shall file with the Court and serve upon counsel to each of the other parties to this action (i) an affidavit explaining why it was unable to agree to such stipulation, and (ii) a notice of motion for summary judgment or for partial summary judgment with respect to the arbitration issue.

8. Any motion for summary judgment or for partial summary judgment made in accordance with item # 7 above shall be filed, served, and responded to in accordance with the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Southern District of New York.

SO ORDERED.